IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WM. WARNER,

        Plaintiff,                      No. CIV S-07-1865 LEW GGH P

    vs.

KATHY PROSPER, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' January 31, 2008, motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) on behalf of defendants Prosper, Barnes and Duncan. After carefully considering the record, the court recommends that defendants' motion be granted in part and denied in part.

LEGAL STANDARD FOR MOTION TO DISMISS

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, \_\_ U.S. \_\_, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

DISCUSSION

*Plaintiff's Claims*

This action is proceeding on the original complaint filed September 10, 2007, as to defendants Warden Prosper, Chief Deputy Warden Barnes, Sergeant Duncan and Officer

Michel. All defendants are located at the California Correctional Center (CCC).

Plaintiff alleges that his left leg is amputated above the knee. Plaintiff has a medical chrono authorizing him to shower at the end of every day. If plaintiff does not shower at the end of every day, his amputated leg becomes irritated and develops a rash, welts and/or infections. Plaintiff also suffers phantom pains if he does not shower. Plaintiff alleges that defendant Michel denied his requests for daily showers on several occasions.

Plaintiff alleges that he has been denied access to a shower that complies with the Americans with Disabilities Act (ADA). In particular, plaintiff claims that defendants' failure to provide him with an ADA accessible shower violated the order signed by Judge Henderson in Armstrong v. Davis. Plaintiff alleges that he raised this issue with defendant Prosper on April 16, 2007, apparently by way of an administrative grievance. Defendants Duncan and Barnes responded to these appeals.

Plaintiff alleges that defendants violated the Eighth Amendment, the Equal Protection Clause, his right to due process and the ADA.

*Analysis*

Defendants first move to dismiss the civil rights claims against defendants Prosper, Barnes and Duncan on grounds that plaintiff has failed to establish a connection between their acts and his injury. Defendants contend that plaintiff's only allegations against Prosper, Barnes and Duncan concern from their positions and roles in deciding his administrative appeals.

Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,'

3

Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

Plaintiff alleges that he filed a grievance addressed to defendant Warden Prosper raising the issue of the lack of accessible showers. Defendants Duncan and Barnes responded to these appeals. During an interview with plaintiff regarding his appeal, defendant Duncan told plaintiff that there was an ADA accessible shower in the CCC gymnasium. Defendant Duncan told plaintiff that if he kept complaining, he would move plaintiff to the gymnasium. After reading plaintiff's central file, defendant Duncan realized that he could not move plaintiff to the gymnasium because plaintiff was a close-custody inmate. Defendant Duncan then failed to

address this issue in responding to plaintiff's appeal. Defendant Barnes responded that there was no need to make showers at CCC more accessible to disabled inmates.

Liberally reading the complaint, plaintiff is challenging a policy pursuant to which defendant Warden Prosper permitted disabled inmates like plaintiff to be housed at the CCC without adequate access to showers. These allegations state a colorable claim for relief.

The responses by defendants Barnes and Duncan to plaintiff's grievances either failed to address or did not adequately address plaintiff's concerns regarding inadequate shower access. For this reason, the court finds that these responses could have been construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded for having put the allegedly defective policy in place. Accordingly, the court finds that plaintiff has adequately linked defendants Barnes and Duncan to his claims.

Defendants next move to dismiss plaintiff's due process claims, which are apparently based on their processing of his grievances. Inmates have no right to an administrative grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (2003). Accordingly, defendants' motion to dismiss plaintiff's due process claim should be granted.

Defendants next move to dismiss plaintiff's claim for a preliminary injunction requiring defendants to honor his medical chrono and to provide him with an ADA accessible shower. Defendants argue that these claim are moot because on January 28, 2008, plaintiff filed a notice of change of address indicating that he has been transferred to High Desert State Prison (HDSP).

When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at CCC at any predictable time in the future. Accordingly, defendants' motion to dismiss plaintiff's claims for injunctive relief regarding CCC should be

granted.

Defendants separately move to dismiss plaintiff's request for an injunction prohibiting them from transferring him to another institution during the pendency of this action. Defendants argue that plaintiff has no right to be housed at a particular prison. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532(1976).

No defendants are located at HDSP. To the extent plaintiff seeks an order that he be transferred back to CCC, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action, i.e. prison officials at HDSP. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112, 89 S.Ct. 1562 (1969). For this reason, the court recommends that the motion to dismiss plaintiff's request for an injunction prohibiting his transfer to another prison be granted.

Defendants next move to dismiss plaintiff's claim for injunctive relief under the ADA on grounds that it is barred by the doctrine of res judicata. Defendants argue that Armstrong v. Davis, C-94-2307, a class action filed in the United States District Court for the Northern District of California, dealt with identical claims and was adjudicated to a final judgment, permanent injunction and court ordered remedial plan. Defendants request that the court take judicial notice of these pleadings filed in Armstrong.

Rather than reaching the issue of whether plaintiff's claim for injunctive relief under the ADA is encompassed by Armstrong v. Davis, the court finds that this claim is moot now that plaintiff is no longer housed at CCC. Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). On this ground this claim for injunctive relief should be dismissed.

The motion to dismiss is not made on behalf of defendant Michel. However, plaintiff seeks injunctive relief against this defendant in the form of an order directing him to provide daily showers. The court recommends that the claims for injunctive relief against

defendant Michel be dismissed for the same reasons it recommends dismissal of these claims against the other defendants. 28 U.S.C. § 1915(e)(2) (notwithstanding payment of filing fee, the court may dismiss claims at any time when it determines that they fail to state a claim on which relief may be granted).

In summary, the court recommends that defendants' motion to dismiss plaintiff's due process claim and claims for injunctive relief be granted. The motion to dismiss should be denied in all other respects. Defendants should be ordered to file an answer addressing plaintiff's Equal Protection claims (which the motion to dismiss did not address), Eighth Amendment claims and ADA claims for damages.

Also pending are plaintiff's motions for injunctive relief filed November 28, 2007, and December 10, 2007. In these motions, plaintiff seeks orders prohibiting defendants from transferring him away from CCC, requiring defendants to provide him with daily showers and an ADA accessible shower. Because the court recommends that the claims for injunctive relief contained in the complaint be dismissed, these motions for injunctive relief should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 31, 2008, motion to dismiss be granted as plaintiff's due process claim and claims for injunctive relief; the motion should be denied in all other respects;

2. The claims for injunctive relief against defendant Michel be dismissed;

3. Plaintiff's motions for injunctive relief filed November 28, 2007, and December 10, 2007, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/06/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

war1865.mtd