IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC WM. WARNER,

        Plaintiff,            No. CIV S-07-1865 JAM GGH P

   vs.

KATHY PROSPER, et al.,

        Defendants.        ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On May 6, 2008, the magistrate judge filed findings and recommendations herein (Docket at 29) which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Defendants Barnes and Duncan have filed objections to the findings and recommendations (Docket at 30).

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds, in part, that the findings and recommendations are supported by the record and by proper analysis, and, in part, are not supported by the record and by proper

1

analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 6, 2008 as to defendants Prosper and Michel are adopted in full;

2. As to defendants Barnes and Duncan, their objections to the findings and recommendations are sustained. The Court agrees that plaintiff's allegations against Barnes and Duncan deal solely with their handling of his appeal. In essence, the crux of the magistrate judge's findings and recommendations is that Barnes and Duncan, as prison officials in charge of reviewing administrative appeals, inadequately responded to plaintiff's appeal. However, this is not the standard established by the Ninth Circuit. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Other courts, cited by the Ninth Circuit courts, have also supported this logic. In Buckley v. Barlow, 997 F.2d 494 (8th Cir 1993), the Eighth Circuit held that actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Id at 495. Further, even a failure of prison officials to address grievances, or investigate them, does not amount to a constitutional violation. See Booth v. King, 346 F.Supp 2d 751 (E.D. Pa. 2004). The facts and allegations do not support a finding that prison officials rubber stamped plaintiff's administrative grievance or that their actions could have been construed as an automatic whitewash. Accordingly, defendants Barnes and Duncan's motion to dismiss plaintiff's civil rights claim against them is GRANTED;

3. Defendants' January 31, 2008, motion to dismiss is granted as plaintiff's due process claim and claims for injunctive relief;

4. The claims for injunctive relief against defendant Michel is dismissed; and

5. Plaintiff's motions for injunctive relief filed November 28, 2007, and December 10, 2007, are denied.

1 | DATED: October 22, 2008

4 | /s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

5 | /warn1865.806